869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward THOMAS, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3378.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Edward Thomas, Jr., appeals from a judgment upholding the Secretary's denial of social security disability benefits. Because we conclude the Secretary's finding that claimant retained the capacity for light work was not supported by substantial evidence, we reverse and remand.
 
 
 2
 Claimant was employed as a laborer at Youngstown Steel Door until April 2, 1980, when he quit due to back and leg pain. His insured status expired on March 31, 1985. During March 1984, he was treated for leg pain. The source of the pain was traced to a herniated disc. A laminectomy was performed and a free fragment of the disc removed. Dr. Raymond Catoline, who first saw claimant just prior to his March 1984 surgery, examined claimant in July 1986. His diagnosis was chronic "strain and sprain" of the lumbar region and chronic hypertension. Dr. Catoline reported that claimant required a back brace and transcutaneous electrical nerve stimulator (TENS). He observed a very substantial loss of motion in the dorsolumbar spine: claimant could not squat, crawl, climb or reach. Dr. Catoline opined that claimant had a permanent impairment which precluded him from "any Substantial Gainful Activity or Remunerative Employment considering his Age, Education, Training or Work Experience [sic]." However, he also described claimant's condition as a permanent partial impairment, noting that in an eight hour work day claimant could sit for three hours, stand for two hours, walk for one hour, and frequently lift up to five pounds (but never more than five pounds). In addition, Dr. Catoline found that claimant retained the ability to perform repetitive grasping and fine manipulations, and to operate arm and hand controls.
 
 
 3
 Dr. Jane Butterworth examined claimant for the Ohio Board of Rehabilitation Services on August 19, 1986. She found that he suffered from chronic pain syndrome and rigidity of the trunk. Dr. Butterworth ascribed his condition to a combination of psychological and physical factors, concluding that his ailment stemmed "more [from] the psychological basis combined with some organic supporting evidence." The ALJ, however, concluded, based largely on Dr. Catoline's opinion, that claimant did not suffer from a psychiatric impairment.
 
 
 4
 Claimant also was examined by Dr. Robert Gilliland on October 22, 1986. He diagnosed severe lumbar radiculitis (inflamation of the spinal nerve roots) and chronic pain syndrome. He also observed "significant limitations of [claimant's] range of motion of the lower extremities." Dr. Gilliland opined that claimant was "permanently and totally disabled by reason of his physical impairment as well as his age and level of education."
 
 
 5
 Claimant testified that he is unable to do most household chores, although he does drive and take short walks. Most of his time is spent watching TV or walking about the house. He reported experiencing back spasms every two to three days. No other witnesses testified at claimant's hearing.
 
 
 6
 The Administrative Law Judge (ALJ) found that claimant could not perform his past work, since it would require the lifting of over 100 pounds. However, he also found that claimant retained the requisite residual exertional capacity for light work. Applying the "Grid," the ALJ concluded that claimant's age, education, and past work experience mandated a finding of "not disabled."
 
 
 7
 We hold that the Secretary's decision is not supported by substantial evidence, because the unrebutted medical evidence contradicts the ALJ's finding that claimant retained the exertional capacity for "the full range of light work." "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. Sec. 404.1567(b) (emphasis added). Dr. Catoline found that claimant "can frequently lift up to 5 lbs., but he can never lift 6 to 100 lbs." (Emphasis in original.) This finding is unrebutted and was neither rejected by the ALJ nor contested by the Secretary. Nor did the Secretary offer the testimony of a Vocational Expert regarding the existence of light work compatible with claimant's exertional limitations. There is simply no evidence to support the ALJ's finding that claimant retains the ability to perform a full range of light work as it is defined by the Secretary's regulations.
 
 
 8
 Accordingly, the denial of benefits is REVERSED and the action REMANDED to the District Court with direction to remand to the Secretary for vocational evidence regarding light work and/or to consider whether claimant retains the residual functional capacity for sedentary work.